# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO 21-30107-hcm |
| PDG PRESTIGE, INC., | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |
| PDG PRESTIGE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adversary No. _____ |
| | § | |
| DENNIS CRIMMINS | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

PDG Prestige, Inc., reorganized debtor and Plaintiff herein ("PDGP" or the "Plaintiff") files this *Plaintiff's Original Complaint* (the "Complaint") against Dennis Crimmins ("Crimmins") and in support thereof would show to the Court the following.

### I. INTRODUCTION

1. This is an action to recover damages suffered by PDGP on account of a notice lis pendens recorded against the property of PDGP by Crimmins. The purported claims upon which the lis pendens was based ultimately were determined by the Court to be invalid in Adversary No. 21-03007.

### II. JURISDICTION AND VENUE

2. This Court possesses jurisdiction over this action under 28 U.S.C. §§ 157 and 1334, the (1) *Order Confirming Second Amended Plan of Reorganization PDG Prestige, Inc. dated*

*March 29, 2022 as Modified (Docket No. 145)* (Docket No. 148), and the underlying confirmed Chapter 11 plan (Docket No. 145).

3. This action constitutes a core proceeding under 28 U.S.C. §§ 157(d).

4. Venue is proper under 28 U.S.C. §§1408 and 1409.

5. The Court has constitutional authority to decide this Motion under *Stern v. Marshall*, 564 U.S. 462 (2011) and its progeny.

### III. PARTIES

6. Plaintiff is PDG Prestige, Inc. ("PDGP") is a Texas corporation and the reorganized debtor in the underlying bankruptcy case. PDGP may receive notice by and through the undersigned.

7. Defendant Dennis Crimmins is a natural person residing in Alamogordo, Otero County, New Mexico. Crimmins may be served with summons and/or citation (as applicable) and other service of process as the address(es) appearing below.

Dennis Crimmins
1700 10th St.
Alamogordo, NM 88310

### IV. FACTUAL BACKGROUND

8. Crimmins as plaintiff and Michael Dixson ("Dixson") and PDG, Inc. as defendants had been in separate litigation with each other dating back to 2014.

9. PDGP and PDG Inc. are separate entities. PDG, Inc. is a New Mexico corporation formed in 2012. PDGP is a Texas corporation formed in 2018.

10. On or about August 7, 2018, PDG, Inc. transferred to PDGP a tract of real property known as Lot 1A of the Mesilla Valley Mall Subdivision, which is the property that has been the

subject of the underlying bankruptcy case, and which property was later divided into Lot 1A and Lot 3A (together, the "Subject Property").

11. On or about January 10, 2019, Crimmins on the one hand and Dixson and PDG Inc. on the other entered into a Settlement Agreement of the 2014 litigation (the "2019 Settlement").

12. Dixson and PDG, Inc. later breached the 2019 Settlement.

13. On August 28, 2019, a New Mexico court entered a Stipulated Judgment against Dixson, PDG, Inc., and JFAL Holding Company, L.L.C. in Cause No. D-307-CV-2014-01845 for $1,450,000.00.

14. On or about August 14, 2020, Crimmins along with White Sands Construction, Inc., Crimmins Family Limited Partnership, and MDDC Investments Inc. all as Plaintiffs (collectively, the "Crimmins Parties") filed suit in the Third Judicial District Court of the State of New Mexico against Dixson, PDG, Inc., and PDGP alleging fraud and fraudulent transfer, which action was assigned Cause No. D-307-CV-2020-01698 ("Cause No. 01698").

15. Cause No. 01698 alleged *inter alia* that PDG, Inc. had conveyed the Subject Property to PDGP in order to avoid placing the Subject Property within reach of the Stipulated Judgment.

16. On or about August 26, 2020, in connection with Cause No. 01698, Crimmins, individually and in his name only, recorded one or more notices of lis pendens (collectively, the "Lis Pendens") against the Subject Property.

17. The Subject Property of PDGP had nothing to do with the 2014 Litigation or the 2019 Settlement and otherwise was unconnected to any of the obligations of the Dixson Parties under the 2019 Settlement and/or the Stipulated Judgment. The filing of the Lis Pendens against the Subject Property went beyond the ordinary use of the notice of lis pendens process to cloud

the title of a piece of real property that is actually at the heart of a dispute between two parties and instead was a desperate but ultimately unsuccessful attempt to attach or garnish property of an entity (namely, PDGP) that had nothing to do with the Stipulated Judgment and which entity (PDGP) was never liable for any of the obligations of the Stipulated Judgment. Furthermore, the transfer of the Subject Property occurred well before the parties entered into the 2019 Settlement, further defeating any notion that Crimmins could possibly assert any rights directly or indirectly against the Subject Property.

18. On February 15, 2021, PDGP filed a voluntary petition to commence the underlying Chapter 11 bankruptcy case.

19. On April 21, 2021, Crimmins removed Cause No. 01698 to the Bankruptcy Court under the PDGP bankruptcy case, whereupon Cause No. 01698 was renumbered as Adversary No. 21-03007.

20. On or about September 21, 2021, Dixson, PDG, Inc. and PDGP filed a motion for summary judgment with respect to all claims asserted by Crimmins in Adversary No. 21-03007.

21. On November 18, 2021, the Bankruptcy Court announced a ruling wherein, inter alia, the Court determined that the 2019 Settlement had released the claims brought by Crimmins in Cause No. 01698 and in Adversary No. 21-03007. Based upon the ruling, the Bankruptcy Court entered a judgment in Adversary No. 21-03007 against the Crimmins Parties.

22. Consequently, the Lis Pendens was void and/or invalid from its inception.

23. On December 10, 2021, following demand by PDGP in light of the disposition of Adversary No. 21-03007, Crimmins released the Lis Pendens.

24. Unfortunately, the victory of Dixson, PDG, Inc., and PDGP in Adversary No. 21-03007 and the belated release of the Lis Pendens could not turn back the hands of time and undo the damage caused to PDGP while the Lis Pendens burdened the Subject Property.

25. From the time that the Lis Pendens appeared of record against the Subject Property, the Lis Pendens prevented PDPG from concluding several transactions regarding the Subject Property, including but not limited to one or more sales and/or financing of some or all of the Subject Property.

26. Because the Lis Pendens prevented PDGP from selling, financing, and/or concluding other transactions with respect to the Subject Property, PDGP suffered damages on a variety of fronts including lost sales, higher financing costs, attorneys' fees, and the inability to refinance the Subject Property. The collection of these circumstances ultimately resulted in the commencement of the underlying Chapter 11 bankruptcy case in order to avoid foreclosure.

27. The damages sustained to date by PDGP as a result of the actions and/or omissions of Crimmins exceed $4.5 million.

28. The Lis Pendens in this action was not the first time that Crimmins had wrongfully used a notice of lis pendens against Dixson and/or one of his entities. In 2014, Crimmins placed an improper notice of lis pendens on a property Dixson was developing in Carlsbad, New Mexico and demanded a $400,000 payment for a release. The grounds for that lis pendens, like the current Lis Pendens, were baseless. The Dixson parties paid to remove the baseless lis pendens due to an imminent closing and potential contractual defaults that would have occurred with the buyer of the property. This habitual use of the lis pendens process by Crimmins to leverage Dixson and related parties into paying Crimmins demonstrates the continual bad faith dealings of Crimmins.

29. Crimmins like Dixson is in the real estate development business. Crimmins knew precisely the kind of disruption and risk that came with the filing of the Lis Pendens.

30. Crimmins also knew, acted with reckless disregard with respect to, and/or should have known that the Lis Pendens was not effective against the Subject Property.

31. Nonetheless, in spite of how remote the Subject Property was to the other disputes and the validity of the acquisition of the Subject Property by PDGP, Crimmins proceeded with and maintained the Lis Pendens with the intent to cause harm and damages to PDPG.

## V. CAUSES OF ACTION

32. PDGP incorporates each of the foregoing paragraphs of this pleading into each claim and/or cause of action set forth below.

**Count 1 — Malicious abuse of process**

33. The Lis Pendens constituted an improper use of statutory and/or judicial process.

34. The primary motive of the Lis Pendens was to accomplish an illegitimate and, namely defeating the ability of PDGP to transact the Subject Property in any way.

35. The Lis Pedens proximately caused damages to PDGP through preventing the closing of one or more transactions relating to the Subject Property and resulting in, among other damages, lost profits, unnecessary and elongated interest carrying other expenses, higher financing costs, and/or unnecessary attorneys' fees and expenses.

**Count 2 — Defamation.**

36. The Lis Pendens constituted a defamatory communication regarding each of PDGP and the Subject Property.

37. The Lis Pendens was filed of record and thus was published to the third persons.

38. The existence of the Lis Pendens and the facts stated in and/or inferred in the Lis Pendens concerning both PDGP and the Subject Property were false and presented a false impression of what PDGP could and could not with the Subject Property.

39. The Lis Pedens proximately caused damages to PDGP through preventing the closing of one or more transactions relating to the Subject Property and resulting in, among other damages, lost profits, unnecessary and elongated interest carrying other expenses, higher financing costs, and/or unnecessary attorneys' fees and expenses.

40. Because the claims asserted by Crimmins in Cause No. 01698 and in Adversary No. 21-03007 had been released and/or otherwise did not exist, and thus were void, no judicial privilege exists that then or now justifies the Lis Pendens to prevent a defamation and/or or slander of title claim.

**Count 3 — Tortious interference with prospective contractual relations.**

41. In 2019-2021, PDGP possessed and developed business relationships with various parties with whom there was the prospect of selling and/or leasing some or all of the Subject Property, financing and/or refinancing the Subject Property, and/or otherwise using the Subject Property.

42. It was reasonable for PDGP during 2019-2021 to believe that a future, financially profitable relationship with one or more counter-parties would have concluded for the benefit of PDPG.

43. Crimmins knew about the business relationships and/or business prospects of PDGP relating to the Subject Property.

44. Crimmins acted with the intention of disrupting the business relationships of PDPG.

45. The business relationships of PDGP were disrupted due to the Lis Pendens and related interfering actions of Defendant.

46. PDGP suffered economic or other business harm as a result of the interference caused by the Lis Pendens and the other actions and/or omissions of Crimmins.

**Count 6 — Punitive Damages**

47. Crimmins engaged in the actions and/or omissions of Crimmins with respect to the Lis Pendens in a manner that was maliciously intentional, fraudulent, oppressive, or committed recklessly or with a wanton disregard of the rights of PDPG and the Subject Property.

48. Accordingly, PDPG is entitled to recover from and seeks judgment against Crimmins for punitive damages within the discretion of the Court.

**Count 5 — Attorneys' fees and expenses of representation.**

49. Plaintiff PDGP retained the law firm of Weycer, Kaplan, Pulaski & Zuber, P.C. to represent Plaintiff PDGP in connection with its claims against Defendants and has agreed to pay for such reasonable and necessary legal services.

50. Plaintiff PDGP is also entitled to and is seeking to recover all costs of court incurred to collect the indebtedness as well as pre-judgment and post-judgment interest at the maximum rate as permitted by law.

## VI.  CONCLUSION AND PRAYER

WHEREFORE, PDG Prestige, Inc., reorganized debtor and Plaintiff, respectfully requests that Dennis Crimmins, Defendant, be cited to appear and answer, and that Plaintiff have and recover judgment against Dennis Crimmins:

    a. for actual damages in an amount of not less than $4,500,000;

    b. for exemplary damages in a sum to be determined by the Court in an amount reasonable and necessary to punish willful, malicious, and wrongful conduct and to deter future misconduct;

    c. for all attorneys' fees, costs of suit, and pre-judgment and post judgment interest in the maximum amounts allowed by law; and

    d. providing such writs and processes to the extent permitted by applicable law in order to enforce the judgment.

Plaintiff respectfully requests such other and further relief to which Plaintiff is entitled at law or in equity.

Dated: May 27, 2022

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: */s/ Jeff Carruth*
    JEFF CARRUTH (TX SBN:. 24001846)
    3030 Matlock Rd., Suite 201
    Arlington, Texas 76105
    Telephone: (713) 341-1158
    Fax: (866) 666-5322
    E-mail: jcarruth@wkpz.com

ATTORNEYS FOR PDG PRESTIGE, INC., REORGANIZED DEBTOR AND PLAINTIFF