**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § § § § § | Case No. 21-30107-hcm |
| PDG PRESTIGE, INC., | | Chapter 11 |
| *Debtor*. | | |
| PDG PRESTIGE, INC., | § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Adversary No. 22-03006-hcm |
| DENNIS CRIMMINS, | | |
| *Defendant*. | | |

# DEFENDANT'S RULE 12(b)(6) MOTION
# TO DISMISS PLAINTIFF'S COMPLAINT

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

Defendant, DENNIS CRIMMINS, files this Rule 12(b)(6) Motion to Dismiss for failure to state a claim. In support of this motion, Defendant would show the Court as follows:

## I.
## INTRODUCTION

1. Plaintiff, PDG Prestige, Inc. ("PDGP"), has filed suit against Defendant essentially alleging one claim – the alleged wrongful filing of a lis pendens by Defendant. Plaintiff has shoehorned that singular claim into three causes of action: (1) malicious abuse of process; (2) defamation; and (3) tortious interference with prospective contractual relations. Further, PDGP asks the Court to award punitive damages and attorneys' fees and costs. All of Plaintiff's claims fail to state a cause of action for one reason: As a matter of law, Defendant's filing of a lis pendens against the "Subject Property" cannot support Plaintiff's causes of action.

1235300.1

## II.
## LEGAL STANDARD

2. Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

3. To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "naked assertions devoid of further factual enhancement." *See, e.g.*, *Iqbal*, 556 U.S. at 678. Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557.

4. A pleading that contains only "'labels and conclusions,'" a "'formulaic recitation of the elements of a cause of action'" or "'naked assertions' devoid of 'further factual enhancement'" is insufficient to withstand a motion to dismiss. *Iqbal,* 556 U.S. at 678, 129 S.Ct.

1235300.1

1937 (quoting *Twombly,* 550 U.S. at 555 and 557, 127 S.Ct. 1955). Under this standard, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* The Court thus takes a two-step approach in evaluating a motion to dismiss: first, the Court accepts as true all well-pled factual allegations, disregarding legal conclusions "'clothed in factual garb'"; second, the Court determines whether the well-pled factual allegations state a plausible claim for relief. *See In re Tronox, Inc.,* 429 B.R. 73, 90 (Bankr.S.D.N.Y.2010) (quoting *McHale v. Citibank (In re 1031 Tax Group, LLC),* 420 B.R. 178, 190 (Bankr.S.D.N.Y.2009) and citing *Iqbal,* 129 S.Ct. at 1950) (stating that "*Twombly* illustrates the two-pronged approach.").

      5.     "Notwithstanding these general principles, if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997) (citing *Romani v. Shearson Lehman Hutton,* 929 F.2d 875, 879 n. 3 (1st Cir.1991); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) (holding that on motion to dismiss for failure to state claim, district court properly considered documents attached not to pleadings, but to motion to dismiss);*Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196–97 (3d Cir.1993); *Venture Assoc. Corp. v. Zenith Data Systems Corp.,* 987 F.2d 429, 431 (7th Cir.1993); *1385 *New Beckley Mining Corp. v. United Mine Workers of Amer.,* 18 F.3d 1161, 1164 (4th Cir.1994); *Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir.1994); *Weiner v.*

1235300.1

*Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir.1997); *Brooks v. Blue Cross & Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1369 (11th Cir.1997)).

## III.
## ARGUMENT

6. Even if Plaintiff's allegations are true (which Defendant does not admit), Plaintiff has failed to state a cause of action against Defendant and Plaintiff's claims against Defendants must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### A. The Plaintiff's Factual Allegations.

7. Defendant does not restate Plaintiff's allegations herein but, pursuant to Rule 12(b)(6), the Plaintiff's factual allegations must be taken as true for purposes of this motion. Of course, Defendant does not admit such allegations and reserves the right to challenge such allegations in his Answer, if necessary.

8. Pursuant to *Collins v. Morgan Stanley Dean Witter*, 224 F.3d at 498, Defendant attaches hereto Exhibit A, Notice of Lis Pendens referenced in paragraph 16 of Plaintiff's Complaint and Exhibit B, Crimmins' Original Complaint in Cause No. D-307-CV-2020-01698 reference in paragraph 14 of the Plaintiff's Complaint.

### B. New Mexico Law Applies because the Subject Property is Located in New Mexico and the Lis Pendens was filed in New Mexico.

9. Pursuant to choice-of-law principles, New Mexico law applies to this proceeding.

10. Under federal conflict of law principles, the law of the state with the most significant contacts applies. *Vanston Bondholders Protective Comm. v. Green,* 329 U.S. 156, 162, 67 S.Ct. 237, 91 L.Ed. 162 (1946). The general rule concerning disputes regarding real property is that the law of the place where the realty is located controls. *Schewe v. Bentsen*, 424 F.2d 60, 62 (5th Cir. 1970).

1235300.1

11. The Subject Property at issue in this proceeding is located in Las Cruces, New Mexico. (Complaint, ¶ 10.) Further, the Lis Pendens at issue was filed in Dona Ana County, New Mexico. (Complaint, ¶ 16; Ex. A.) Therefore, New Mexico law applies to this proceeding.

**C. The Plaintiff has failed to state a claim of "Malicious Abuse of Process" because Defendant took no action that would not be proper in the regular prosecution of Defendant's claims in Cause No. 01698.**

12. Abuse of process occurs when one uses a legal process, civil or criminal, against another, primarily to accomplish a purpose for which it is not designed. Restatement (Second) of Torts § 682 (1977). There must be a use of the process for an immediate purpose other than that for which it was designed or intended. There is no liability where defendant has done nothing more than carry out the process to its authorized conclusion, even with bad intentions. W.P. Keeton, *supra,* § 121.

13. New Mexico case law requires three elements for an abuse of process claim: (1) the existence of an ulterior motive; (2) an act in the use of process which would not be proper in the regular prosecution of the charge; and (3) the plaintiff must suffer damages (there must be an unlawful interference with the plaintiff's person or property). *Zamora v. Creamland Dairies, Inc.*, 1987-NMCA-144, ¶¶ 35-36, 106 N.M. 628, 635, 747 P.2d 923, 930.

14. Plaintiff's complaint fails to state a claim under malicious abuse of process because Plaintiff's complaint contains absolutely no facts supporting the second element of this claim under New Mexico law.

15. In fact, the purpose of a Lis Pendens is to simply put third-parties on notice that a lawsuit has been filed that affects the title to real property. Where a party has standing to file a lawsuit in district court affecting the title to real property, Section 38-1-14 NMSA 1978 allows for the filing of a notice of lis pendens in connection with the lawsuit. Filing a notice of lis pendens

1235300.1

is not limited to those cases in which the adverse party claims a beneficial interest in the title to the property. *High Mesa Gen. P'ship v. Patterson*, 2010-NMCA-072, 148 N.M. 863, 242 P.3d 430, cert. quashed, 2011-NMCERT-002, 150 N.M. 617, 264 P.3d 129.

16. Therefore, Defendant's filing of a notice of lis pendens "in connection with Cause No. 01698"—a fraudulent transfer lawsuit concerning the Subject Property—as alleged in paragraphs 14 and 16 of Plaintiff's Complaint, herein, was, as a matter of law, an act in the use of process which *is and was* proper in the regular prosecution of a fraudulent transfer lawsuit.

17. Thus, as a matter of law, Plaintiff has failed to state a claim with respect to Plaintiff's "malicious abuse of process claim."

### D. The Plaintiff has failed to state a claim of "Defamation" because in New Mexico a lis pendens cannot be the basis for a defamation claim.

18. Plaintiff has also asserted a "Defamation" cause of action in its Complaint. Arguably, Plaintiff's claim is really a slander of title claim that has been repackaged as a defamation claim. In either case, as a matter New Mexico law, the filing of a Lis Pendens cannot be the basis for a defamation or slander claim. *See Superior Const., Inc. v. Linnerooth*, 1986-NMSC-008, ¶ 7, 103 N.M. 716, 718, 712 P.2d 1378, 1380.

19. In *Linnerooth*, the question was whether the filing of a notice of lis pendens carries an absolute privilege against a claim for slander of title. *Id*. at 718. After review of significant case law holding that the filing of a notice of lis pendens falls under the litigation privilege that accords an absolute privilege to statements made in judicial proceedings, the New Mexico Supreme Court held that the filing of a notice of lis pendens is absolutely privileged and cannot support a claim for slander of title. *Id*. at 719-20. The privilege applies except in "extreme circumstances," such as the publication of defamatory material that is irrelevant or immaterial to the subject of inquiry in the underlying judicial proceeding. *Id.* at 1381.

1235300.1

20. The New Mexico Supreme Court approvingly quoted the following:

It would be anomalous to hold that a litigant is privileged to make a publication necessary to bring an action but that he can be sued for defamation if he lets anyone know that he has brought it, ... particularly when he is expressly authorized by statute to let all the world know that he has brought it....

*Albertson v. Raboff,* 46 Cal.2d 375, 380, 295 P.2d 405 (1956) (citation omitted) and further:

[i]t is not absolutely essential, in order to obtain the benefits of absolute privilege, that the language claimed to be defamatory be spoken in open court or contained in a pleading, brief, or affidavit.... If the alleged defamatory statement is made to achieve the objects of the litigation, the absolute privilege applies even though the statement is made outside the courtroom and no function of the court or its officers is invoked.

*Romero v. Prince,* 85 N.M. at 477, 513 P.2d at 720 (citation omitted).

21. Finally, the New Mexico Supreme Court concluded:

As previously noted, Section 38–1–14 authorizes the filing of a notice of lis pendens. Further, under our statute the notice of lis pendens serves merely for constructive notice to subsequent purchasers and encumbrancers. It is therefore merely a republication of the pleadings filed in the pending judicial proceeding and it should enjoy the same absolute privilege accorded those proceedings.

*Linnerooth*, 1986-NMSC-008, ¶ 11.

22. Plaintiff has failed to allege any facts that would overcome the rule in *Linnerooth*. In fact, even the unsupportable legal assertion that Defendant's "Lis Pendens was void and/or invalid from its inception" (Complaint, ¶ 22) and the bald allegation that Defendant "acted with reckless disregard" (Complaint, ¶ 30) are wholly insufficient to overcome New Mexico law as stated in *Linnerooth*. "The filing of the lis pendens, no matter how malicious or false, was relevant and material to the claim by [Defendants] of an ownership interest in the land." *Linnerooth*, 1986-NMSC-008, ¶ 12.

23. Therefore, as a matter of law, Plaintiff's "defamation" claim is barred and must be dismissed.

1235300.1

### E. The Plaintiff has failed to state a claim of "Tortious Interference with prospective contractual relations" because the Plaintiff has alleged no facts that support the claim.

24. Plaintiff's claim for tortious interference with prospective contractual relations fails because Plaintiff must show that Defendant ***intended*** to interfere with another's prospective contractual relationship. Plaintiff has failed to allege any facts regarding Defendant's intent or knowledge regarding any of Plaintiff's prospective contractual relationships. Further, Plaintiff has failed to allege with any specificity that Plaintiff ***had any*** prospective contractual relationships.

25. New Mexico courts have described the tort as follows:

Intentional Interference with Prospective Contractual Relation

One who intentionally and improperly interferes with another's prospective contractual l relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of:

(a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or
(b) preventing the other from acquiring or continuing the prospective relation.

*M & M Rental Tools, Inc. v. Milchem, Inc.*, 1980-NMCA-072, ¶ 20, 94 N.M. 449, 453, 612 P.2d 241, 245.

26. Plaintiff's Complaint wholly fails to allege any facts regarding: (a) Defendant's intentional interference; (b) Defendant's knowledge regarding Plaintiff's prospective contractual relationships, if any, and (c) the existence of actual prospective contractual relationships.

27. Thus, Plaintiff's complaint fails to state a claim upon which relief can be granted and must be dismissed.

1235300.1

F.     **Because Plaintiff has failed to state any plausible claim for relief, Plaintiff's claims for punitive damages and attorneys' fees likewise fail.**

28.    As a practical matter, all of Plaintiff's claims are tort claims which do not allow for recovery of attorney's fees under New Mexico law. *See New Mexico Right to Choose/NARAL v. Johnson,* 1999–NMSC–028, ¶¶ 9–31, 127 N.M. 654, 986 P.2d 450 (reaffirming that New Mexico follows the American rule, which does not ordinarily allow the recovery of attorney fees). Stated differently, New Mexico generally follows the American rule, which provides that each party should bear its own attorney's fees unless a statute, court rule, or contractual agreement authorizes an award of attorney's fees. *Kane v. City of Albuquerque*, 2015-NMSC-027, ¶ 58, 358 P.3d 249, 266 (N.M. 2015). In the instant case, there is no such statute, rule, or contractual agreement.

29.    Moreover, even if attorney's fees were authorized under Plaintiff's tort claims, which is vehemently denied, those attorney's fees should not be awarded in the instant case because only a prevailing party is entitled to an award of attorney's fees. *See Hedicke v. Gunville*, 2003-NMCA-032, ¶ 25, 133 N.M. 335, 342, 62 P.3d 1217, 1224 (N.M Ct. App. 2002); *see also Marchman v. NCNB Texas Nat'l Bank,* 120 N.M. 74, 95, 898 P.2d 709, 730 (1995) (considering the entire action and finding no prevailing party because the trial court did not reach the merits of the underlying claims that were dismissed, but also stating that a defendant for whom a summary judgment is granted is the prevailing party).

30.    Similarly, only a prevailing party is entitled to an award of punitive damages. *Faber v. King*, 2015-NMSC-015, ¶ 19, 348 P.3d 173, 178–79 (N.M. 2015)(Typically three kinds of damages are available to a prevailing party: (1) damages designed to remedy an injury, *i.e.,* compensatory or actual damages; (2) damages designed to punish a wrongdoer, *i.e.,* punitive damages; and (3) [nomimal or statutory] damages.)

1235300.1

31. Plaintiff's claims and causes of action fail, so Plaintiff could never be entitled to punitive damages or an award of attorneys' fees. Thus, Plaintiff's claim for punitive damages and attorney's fees must likewise be dismissed.

32. From the face of Plaintiff's Complaint it is clear that the opportunity to re-plead would be futile. Thus, dismissal is required under Rule 12(b)(6) with prejudice to refiling same.

## IV.
## CONCLUSION

33. Plaintiff's Complaint wholly fails to state a claim upon which relief can be granted. Thus, the complaint must be dismissed in all respects with prejudice to refiling.

## V.
## REQUEST FOR RELIEF

*FOR THESE REASONS*, Defendant Dennis Crimmins respectfully asks the Court to grant this Motion to Dismiss, to dismiss Plaintiff's Complaint with prejudice, and to grant Defendants such other and further relief, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

**SCOTTHULSE PC**
One San Jacinto Plaza
201 E. Main St.
P.O. Box 99123
El Paso, Texas 79999-9123
(915) 533-2493
(915) 546-8333 Facsimile

By: /s/ Casey S. Stevenson
**CASEY S. STEVENSON**
State Bar No. 24041975
cste@ScottHulse.com
**JAMES M. FEUILLE**
State Bar No. 24082989
jfeu@scotthulse.com
**ATTORNEYS FOR DEFENDANT**

1235300.1