**The relief described hereinbelow is SO ORDERED.**

**Signed July 17, 2023.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| PDG PRESTIGE, INC. | § | Case No. 21-30107-hcm |
|     Debtor. | § | (Chapter 7) |
| PDG PRESTIGE, INC. | § | |
|     Plaintiff, | § | |
| v. | § | Adversary No. 22-03006-hcm |
| DENNIS CRIMMINS | § | |
|     Defendant. | § | |

**ORDER ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    A Motion For Summary Judgment with supporting materials ("Prestige Motion")(dkt# 29) has been filed by PDG Prestige, Inc., Plaintiff in this adversary proceeding ("Prestige"). A Response with supporting materials ("Crimmins Response")(dkt# 34) to the Prestige Motion has been filed by Dennis Crimmins, Defendant in this adversary proceeding ("Crimmins"). A Reply in support of the Prestige Motion has been filed by Prestige ("Prestige Reply")(dkt# 36).

    Crimmins has also filed a Motion for Summary Judgment with supporting materials ("Crimmins Motion")(dkt# 30). A Response with supporting materials ("Prestige Response") (dkt# 35) to the Crimmins Motion has been filed by Prestige.

1

After considering these pleadings and the summary judgment evidence, the Court finds that the Prestige Motion should be denied and the Crimmins Motion should be granted in part and denied in part, for the reasons set forth in this Order.[1]

Summary Judgment Legal Standard

Procedurally, Rule 56 of the Federal Rules of Civil Procedure ("Rules") governs the Prestige Motion and Crimmins Motion.[2] Summary judgment on a claim or defense is appropriate only if the movant shows there is "no genuine dispute as to any material fact" and movant is "entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). In sustaining this burden, a movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

Summary judgment is properly granted when, "viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is no genuine issue as to any material fact. . . ." *See, e.g.*, *Am. Home Assurance Co. v. United Space Alliance, LLC*, 378 F.3d 482, 486 (5th Cir. 2004). Whether a fact is material is governed by substantive law; "only facts that might affect the outcome of the suit will preclude summary judgment." *See In re Moore*, 379 B.R. 284, 288 (Bankr. N.D. Tex. 2007) (Jernigan, J.) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

If the moving party establishes there are no factual issues, the burden shifts to the nonmoving party to produce evidence that a genuine issue of material fact exists for trial. *See, e.g., Bustos v. Martini Club, Inc.*, 599 F.3d 458, 469 (5th Cir. 2010). The nonmoving party must then "go beyond the pleadings," and by affidavits or other competent summary judgment evidence, cite "specific facts" that show that there is a genuine issue for trial. *See Martini Club*, 599 F.3d at 468 (*citing Celotex*, 477 U.S. at 322); Fed. R. Civ. P. 56(c)(1).

Procedural and Factual Background

This adversary proceeding is centered on the recording of notices of lis pendens (collectively, "Lis Pendens") by Crimmins against certain real property known as Lot 1A of Mesilla Valley Mall Subdivision ("Property"). The Property is in Dona Ana County, New Mexico and is owned by Prestige.

---

[1] After the Prestige Motion and Crimmins Motion were fully briefed, the Chapter 11 case of Prestige was converted to a Chapter 7 case. A Chapter 7 trustee has recently been appointed for Prestige.

[2] Rule 56 is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

2

Crimmins and Michael Dixson ("Dixson") were engaged in prior litigation since 2014. In August 2018, the Property was conveyed by PDG, Inc. ("PDG") to Prestige. Both PDG and Prestige are owned and controlled by Dixson.

In January 2019, Crimmins and his affiliated companies and entered into a Settlement Agreement with Dixson and PDG ("2019 Settlement Agreement"). The 2019 Settlement Agreement settled the prior litigation between Crimmins and Dixson and contained a broad release of claims. Dixson later defaulted on the 2019 Settlement Agreement, and a Stipulated Judgment was entered against Dixson in accordance with the 2019 Settlement Agreement.

On August 14, 2020, Crimmins and his affiliates filed suit against Dixson, PDG and Prestige in the Third Judicial District Court of the State of New Mexico, cause no. D-307-CV-2020-01698 ("Cause No. 01698") alleging fraud and fraudulent transfer of the Property. On August 26, 2020, Crimmins recorded the Lis Pendens against the Property in Dona Ana County, New Mexico, which claimed an interest in the Property based on Cause No. 01698.

On February 15, 2021, Prestige filed a Chapter 11 case in this Court, case no. 21-30107. On April 21, 2021, Crimmins removed Cause No. 01698 from New Mexico state court to this Court, where it was docketed as adversary proceeding no. 21-03007 ("Adversary No. 21-03007"). On November 18, 2021, the Court granted summary judgment and a judgment in favor of Prestige in Adversary No. 21-03007. In part, the Court determined that the 2019 Settlement Agreement released any fraudulent transfer and fraud claims by Crimmins against Prestige and the Property in Adversary No. 21-03007. The Court's judgment has become final in Adversary No. 21-03007 and such adversary has been closed.

On May 27, 2022, Prestige initiated the present adversary proceeding against Crimmins by filing a Complaint ("Complaint")(dkt# 1). In the Complaint, Prestige asserts five claims against Crimmins based on the filing of the Lis Pendens against the Property by Crimmins: (1) malicious abuse of process; (2) defamation; (3) tortious interference with prospective contractual relations; (4) punitive damages; and (5) attorney's fees. By order entered on August 19, 2022 (dkt# 11), the Court granted Crimmins' motion under Rule 12(b)(6) that dismissed Prestige's claim for attorney's fees, but denied Crimmins' Rule 12(b)(6) request to dismiss the other claims.

Prestige Motion summary

Through the Prestige Motion, Prestige seeks summary judgment against Crimmins on its malicious abuse of process claim and actual damages of $4.5 million against Crimmins based on such claim. Attached to the Prestige Motion are various materials, including a Declaration of Dixson and limited email correspondence between Dixson and Crimmins.

3

In the Crimmins Response, Crimmins contends that genuine disputes of material facts exist which preclude granting the Prestige Motion as to its malicious abuse of process claim and actual damages. Attached to the Crimmins Response are various materials, including a Declaration of Crimmins.

Crimmins Motion summary

Through the Crimmins Motion, Crimmins seeks summary judgment that Prestige's claims for malicious abuse of process, defamation, tortious interference with prospective contractual relations, and punitive damages should all be dismissed with prejudice. The only summary judgment evidence submitted by Crimmins with the Crimmins Motion is Prestige's Complaint filed in this adversary proceeding and the Court's order on Crimmins Rule 12(b)(6) motion entered in this adversary proceeding.

In the Prestige Response, Prestige opposes Crimmins Motion as a "no evidence" summary judgment motion not permitted under the Federal Rules and just a rehash of Crimmins' prior motion to dismiss under Rule 12(b)(6). Prestige also contends that genuine disputes of material facts exist which preclude granting the Crimmins Motion as to its malicious abuse of process claim, its tortious interference claim, and punitive damages claim. Prestige, however, does not oppose dismissal of its claim for defamation against Crimmins. Attached to the Prestige Response are supporting materials which include an additional Declaration by Dixson.

Defamation Claim

In its Complaint, Prestige alleged that the filing of the Lis Pendens by Crimmins against the Property constitutes defamation. In the Crimmins Motion, Crimmins seeks summary judgment dismissing the defamation claim by Prestige against Crimmins. In the Prestige Response, Prestige does not oppose dismissal of the defamation claim.[3] As a result, the Court will grant the Crimmins Motion as to the defamation claim and dismiss the defamation claim made by Prestige with prejudice.

Malicious Abuse of Process Claim

In its Complaint, Prestige alleges that the filing of the Lis Pendens by Crimmins against the Property constitutes a malicious abuse of process. In the Crimmins Motion, Crimmins seeks summary judgment that the malicious abuse of process claim by Prestige should be dismissed. At the same time in the Crimmins Response (filed in opposition to the Prestige Motion), Crimmins contends that genuine disputes of material fact exist on the malicious abuse of process claim.

In the Prestige Motion, Prestige seeks summary judgment that its malicious abuse of process claim should be granted and actual damages should be awarded in the amount

---

[3] Prestige correctly recognizes that its defamation claim survived the Rule 12(b)(6) motion of Crimmins by the "slimmest of margins". See Order (dkt# 11, p. 7).

4

of $4.5 million. At the same time in the Prestige Response (filed in opposition to the Crimmins Motion), Prestige contends that genuine disputes of material fact exist on its malicious abuse of process claim.

Under New Mexico law,[4] the elements of a claim for malicious abuse of process are:

> (1) a use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge;
> (2) a primary motive in the use of process was to accomplish an illegitimate end; and
> (3) damages.

*See Durham v. Guest*, 204 P.3d 19, 26 (2009). The Supreme Court of New Mexico has combined the torts of abuse of process and malicious prosecution and restated them as a single cause of action known as "malicious abuse of process." *Id*. at 23.

First, improper use of process requires an "overt act under the facts necessary to state a claim for abuse of process." *Id*. at 24 (citation omitted). Improper use can be shown by the following: "(i) filing a complaint without probable cause; or (ii) an irregularity or impropriety suggesting extortion, delay or harassment, or other conduct formerly actionable under the tort of abuse of process." *Mosley v. Titus*, 762 F. Supp. 2d 1298, 1315 (D. N.M. 2010) (applying New Mexico law); *see also Durham*, 204 P.3d at 26.

The Supreme Court of New Mexico defines probable cause in the malicious abuse of process context as a "reasonable belief, founded on known facts established after a reasonable pre-filing investigation that a claim can be established to the satisfaction of a court or jury." *Fleetwood Retail Corp. of N.M. v. LeDoux*, 164 P.3d 31, 35 (2007); *Mosley*, 762 F. Supp. 2d at 1315 (applying New Mexico law). Improper use can also be shown through the "misuse of process through procedural irregularity" such as misuse of discovery, execution, and attachment, or an "act that otherwise indicates wrongful use of proceedings." *Fleetwood*, 164 P.3d at 36. A plaintiff must show that a defendant's filing of the "notice of lis pendens was committed with the intent to injure [plaintiff], or, in other words, without justification." *High Mesa Gen. P'ship v. Patterson*, 242 P.3d 430, 436 (N.M. Ct. App. 2010) (citation omitted).

Second, to prove a primary improper motive, "[t]here must be a purpose to accomplish an illegitimate end." *Mosley*, 762 F. Supp. 2d at 1317 (applying New Mexico law). A defendant acting with ill will or spite is not sufficient to demonstrate improper motive. *Id*.

Finally, a plaintiff must prove damages as an element of a malicious abuse of process claim. In New Mexico, "[a] party seeking to recover damages has the burden of

---

[4] Both parties rely on New Mexico state law in their pleadings. The Property is also located in New Mexico, and the Lis Pendens was filed in New Mexico. As a result, the Court will apply the laws of the State of New Mexico.

proving the existence of injuries and resulting damage with reasonable certainty." *See Sanchez v. Martinez*, 653 P.2d 897, 902–03 (N.M. Ct. App.1982). An award of damages is improper if the damages are based "upon conjecture, guess, surmise or speculation." *Id*. at 902. When calculating damages, "the object is to afford just and reasonable compensation for the injuries the party sustained." *Mosley*, 762 F. Supp. 2d at 1324 (applying New Mexico law).

The Supreme Court of New Mexico has recognized that the wrongful filing of a notice of lis pendens may support a claim for abuse of process. *See Superior Constr., Inc. v. Linnerooth*, 712 P.2d 1378, 1382 (1986) ("[A]lthough slander of title may not provide a remedy to persons in the Linnerooths' position who have been wronged by a filing of a notice of lis pendens, such wrongful filing may support an action for abuse of process); *see also Ruiz v. Varan*, 797 P.2d 267, 269 (1990). In New Mexico, a notice of lis pendens is essentially a republication of the pleadings filed in the pending judicial proceeding. *See Title Guar. & Ins. Co. v. Campbell*, 742 P. 2d 8, 13 (N.M. Ct. App. 1987).

Here, genuine disputes of material fact exist with respect to the malicious abuse of process claim which preclude summary judgment for either party under Rule 56. The disputed issues of material fact include, but are not limited to:

(1) whether the filing of the Lis Pendens by Crimmins against the Property was without probable cause;
(2) whether the filing of the Lis Pendens by Crimmins against the Property was made with a reasonable belief, founded on known facts after a reasonable pre-filing investigation by Crimmins, that a claim can be established to a court or jury;
(3) whether Crimmins' intent in filing the Lis Pendens against the Property was for harassment, delay, or extortion, or otherwise irregular or improper;
(4) whether Crimmins' intent in filing the Lis Pendens against the Property was to injure Prestige, or was otherwise without justification;
(5) whether, in filing the Lis Pendens against the Property, Crimmins' primary motive was in fact to accomplish an illegitimate end;
(6) whether the filing of the Lis Pendens against the Property was the resulting (proximate) cause of any damages to Prestige; and
(7) whether Prestige can establish damages resulting from the filing of the Lis Pendens with reasonable certainty, or whether such damages are based upon conjecture, guess, surmise, or speculation.

In addition, the Court finds that Crimmins, as movant in the Crimmins Motion, has not shown that he is entitled to judgment as a matter of law dismissing the malicious abuse of process claim under Rule 56. The Court also finds that Prestige, as movant in the Prestige Motion, has not shown that it is entitled to judgment as a matter of law against Crimmins on its malicious abuse of process claim under Rule 56.

In conclusion, both the Crimmins Motion and the Prestige Moton will be denied as to the malicious abuse of process claim, and such claim will remain for trial.

6

Tortious Interference With Contractual Relationship Claim

In its Complaint, Prestige also contends the filing of the Lis Pendens by Crimmins against the Property tortiously interfered with prospective contractual relations of Prestige. In the Crimmins Motion, Crimmins seeks summary judgment that this tortious interference claim should be dismissed; but Crimmins provides no evidence (other than Prestige's Complaint and this Court's order under Rule 12(b)(6)) in support of his request for summary judgment.[5]

In the Prestige Response, Prestige provides summary judgment evidence that (i) Prestige had plans to develop the Property; (ii) Crimmins improperly and wrongfully filed the Lis Pendens against the Property; (iii) Prestige had a letter of intent from a third party to purchase the Property; (iv) Prestige had a letter of intent with a third party to enter into a joint venture with the Property; (v) Crimmins reached out to potential buyers of the Property and interfered with potential sale transactions; (vi) Prestige obtained a title commitment for the Property which required removal of the Lis Pendens for title insurance to be issued; (vii) Crimmins knew that the Lis Pendens had to be released for any transaction to close; (viii) Prestige was unable to close any of the transactions to pay off the mortgage on the Property to City Bank because Crimmins would not release the Lis Pendens; (ix) Prestige could not provide marketable title and could not sell the Property or refinance the mortgage debt on the Property because of the Lis Pendens; and (x) Prestige had to file Chapter 11 bankruptcy. *See* Prestige Response (dkt# 35, Ex. A).

Under New Mexico law, a claim of intentional interference with prospective contractual relations "requires a plaintiff to prove that a defendant improperly interfered with the plaintiff's contractual relations, either through improper means or improper motive." *Santa Fe Techs., Inc. v. Argus Networks, Inc.*, 42 P.3d 1221, 1235 (N.M. Ct. App. 2001) (citing *Diversey Corp. v. Chem–Source Corp.*, 965 P.2d 332 (N.M. Ct. App. 1998)). Improper means includes "not only tortious behavior, but all 'predatory' behavior." *Diversey Corp.*, 965 P.2d at 339. Predatory behavior is described as "behavior wrongful by reason of a statute or other regulation, or a recognized rule of common law, or perhaps an established standard of a trade or profession." *Id*. (citing *M & M Rental Tools, Inc. v. Milchem, Inc.,* 612 P.2d 241, 246 (N.M. Ct. App. 1980)). The purpose of this tort is to "impose liability for contractual interference when the means of interfering was not tortious or otherwise unlawful in itself." *Santa Fe Techs.*, 42 P.3d at 1235.

Here, Prestige has provided summary judgment evidence to support its claim of tortious interference with prospective contractual relations. Genuine disputes as to material facts have been created by Prestige with respect to its tortious interference claim that precludes summary judgment in favor of Crimmins. In addition, the Court finds that Crimmins, as movant in the Crimmins Motion, has not shown that he is entitled to judgment as a matter of law dismissing the tortious interference claim under Rule 56.

---

[5] Prestige did not seek summary judgment on its tortious interference claim in the Prestige Motion.

In conclusion, the Crimmins Motion will be denied as to the tortious interference with prospective contractual relations claim, and such claim will remain for trial.

Punitive Damages Claim

In its Complaint, Prestige also seeks punitive damages against Crimmins. In the Crimmins Motion, Crimmins seeks summary judgment that the punitive damages claim should be dismissed.[6] Again, Crimmins provides no evidence (other than Prestige's Complaint and this Court's order under Rule 12(b)(6)) in support of his request for summary judgment on punitive damages.

In the Prestige Response, Prestige provides summary judgment evidence that (i) Crimmins and Dixson discussed whether the conveyance of the Property to Crimmins would resolve the claims between them before the 2019 Settlement Agreement was ever executed, and Crimmins declined to have the Property be part of the settlement; (ii) Crimmins knew that the Property had been conveyed by PDG to Prestige in 2018, which was of public record; (iii) Crimmins visited the Property and was aware of its value and potential value if developed; (iv) Crimmins then improperly caused the Lis Pendens to be filed against the Property owned by Prestige in August 2020; (v) Prestige did not owe any debt to Crimmins; (vi) Crimmins reached out to potential buyers of the Property and interfered with possible sale transactions; (vii) Crimmins knew that Prestige could not sell the Property unless Crimmins released the Lis Pendens; (viii) Crimmins used the Lis Pendens as leverage for an improper purpose; (ix) Crimmins knew that no transaction could close on the Property unless Crimmins agreed to it and released the Lis Pendens, which he refused to do; (x) Prestige could not provide marketable title and could not sell the Property or refinance the mortgage debt on the Property because of the Lis Pendens; (xi) PDG then had to file Chapter 11 bankruptcy; and (xii) PDG suffered actual damages from the recording of the Lis Pendens. *See* Prestige Response (dkt# 35, Ex. A).

Under New Mexico law, to be liable for punitive damages, a wrongdoer must have a culpable mental state, and the wrongdoer's conduct must rise to a willful, wanton, malicious, reckless, oppressive, or fraudulent level. *See Clay v. Ferrellgas, Inc.*, 881 P.2d 11, 14 (1994); UJI 13–1827 NMRA. The defendant must have "a conscious and deliberate disregard to the interest of others." *Mosley*, 762 F. Supp. 2d at 1324.

The Court recognizes that the legal standard for awarding punitive damages is extremely high and requires an egregious level of conduct. Here, Crimmins is the movant seeking summary judgment dismissing the punitive damages claim. Crimmins has provided no summary judgment evidence to support dismissal of the punitive damages claim in the Crimmins Motion. In contrast, Prestige has provided barely more than a scintilla of summary judgment evidence to support its punitive damages claim in the

---

[6] Although not entirely clear, Prestige does not appear to seek summary judgment on its punitive damages claim in the Prestige Motion. Regardless, genuine issues of disputed material fact exist on the punitive damages claim that would also preclude summary judgment in favor of Prestige on the punitive damages claim.

8

Prestige Response. In the context of summary judgment, the Court is required to view the evidence in the light most favorable to the non-movant Prestige. Genuine disputes as to material facts have been created by Prestige with respect to its punitive damages claim that preclude summary judgment in favor of Crimmins. In addition, the Court finds that Crimmins, as movant in the Crimmins Motion, has not shown that he is entitled to judgment as a matter of law dismissing the punitive damages claim under Rule 56.

In conclusion, the Crimmins Motion will be denied as to the punitive damages claim, and such claim will remain for trial.

**FOR THESE REASONS, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion For Summary Judgment ("Prestige Motion")(dkt# 29) filed by PDG Prestige, Inc. ("Prestige") is hereby DENIED.

2. The Motion for Summary Judgment ("Crimmins Motion")(dkt# 30) filed by Dennis Crimmins ("Crimmins") is hereby GRANTED in part as follows: Prestige's claim for defamation in the Complaint (dkt# 1) is hereby dismissed with prejudice.

3. All other relief requested in the Crimmins Motion (dkt# 30) is hereby DENIED.

4. The following claims of Prestige against Crimmins in the Complaint (dkt# 1) that remain for trial are: (A) malicious abuse of process; (B) tortious interference with prospective contractual relations; and (C) punitive damages.

# # #